# THE STATE v. RICHARD CALLOWAY, Appellant.

### Division Two, November 13, 1912.

**TRIAL: Criminal Law: Submitting Case on Evidence in Case Against Another.** After the filing of an information charging the accused with passing a forged check for five dollars, payable to Dan Pattison, or order, and signed by John Dumont, a so-called amended information was filed, charging him with passing a check for $5.50, payable to Jack Williams, or bearer, and signed by John Dumont. The accused pleaded not guilty to the first information, but there was no arraignment upon the second. Another person was tried' for passing the check mentioned in the first information, and then by agreement the case against this accused was submitted, on the evidence taken in that case, to the same jury, and he was found guilty. There is no evidence in the record connecting the accused with any kind of offense. *Held,* reversed and remanded.

Appeal from Randolph Circuit Court.—*Hon. Fred Lamb,* Special Judge.

REVERSED AND REMANDED.

*N. T. Gentry, E. O. Doyle* and *A. C. Gladney* for appellant.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

BLAIR, C.—June 7, 1911, the prosecuting attorney of Randolph county filed an information charging defendant with passing a forged check. The check was alleged to have been for five dollars, payable to *Dan Pattison, or order,* and signed by John Dumont. Subsequently a so-called "amended information" was filed whereby defendant was charged with passing a check for $5.50, payable to *Jack Williams, or bearer,* and signed by John Dumont.

Arraigned on the first information defendant pleaded not guilty but there was no arraignment on the second information.

It further appears that one Chissell was tried for passing the five-dollar check mentioned in the first information and then, by agreement, the case against appellant was submitted, *on the evidence taken in Chissell's case,* to the same jury, with the result that a verdict of guilty was returned and, after unavailing motions for new trial and in arrest of judgment, sentence was pronounced.

There is absolutely no evidence in the record connecting appellant with any offense of any kind. *His name is not mentioned in the evidence by any one in any way, directly or indirectly.* In fact there seems to have been no trial of this defendant at all. There was no issue to try, so far as concerns the second information, which was not an amended but an entirely new information relating to a wholly new and distinct offense. There was no evidence offered in any proceeding in which this defendant appeared as defendant, but the jury in Chissell's case were permitted, on the evidence in Chissell's case, which related solely to another and distinct offense, to return a verdict against defendant.

As it appears in the transcript the second information, on which it seems the proceedings below were had, is insufficient.

There having been no sufficient charge, no arraignment, no trial and no evidence in any way connecting appellant in any manner with any crime, the judgment is reversed and the cause remanded. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.